IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. __:25-cv-_____

QUITA MORGAN,

Plaintiff,

v.

ENERGY TRANSFER, LP,

Defendant.

PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff, Quita Morgan, by and through her attorney, Ralph Lamar, files this her Complaint, and respectfully alleges as follows:

**I.    NATURE OF THE CASE**

1. This discrimination action is brought against Defendant Energy Transfer, LP, hereinafter referred to as "Energy Transfer", by Plaintiff Quita Morgan for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, (hereinafter referred to as "Title VII")and the Pennsylvania Human Relations Act, *et seq.* (hereinafter referred to as "PHRA").

2. Specifically, she alleges that Defendant terminated her employment because of her race in violation of 42 U.S.C. § 1981, Title VII and the PHRA.  Morgan alleges that the Defendant's actions caused her to suffer economic losses through loss of employment, and mental distress and humiliation.  She seeks an award of lost pay, compensatory damages, punitive damages, and attorneys' fees and costs of this action and seeks equitable relief in the form of an order of reinstatement or an award of front pay.

1

**II.     JURISDICTION AND VENUE**

3.     This action is initiated pursuant to Title VII, 42 U.S.C. § 1981 and the PHRA.  This Court has subject matter jurisdiction for the first two claims under 28 U.S.C. §§ 1331, because they arise under the laws of the United States.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.     Venue is proper in this judicial District under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred therein.

**III.    PARTIES**

5.     Plaintiff is a citizen of the U.S. currently residing in Kansas City, MO and subjects herself to the jurisdiction of this court.

6.     Defendant was the employer who terminated plaintiff's employment.  At all relevant times Defendant has had at least 15 employees and is capable of being sued under Title VII and is subject to the jurisdiction of this court under that statute.  The office from which plaintiff worked is located in Sinking Spring, PA.  Defendant is therefore subject to the jurisdiction of this court.

**IV.    STATEMENT OF FACTS**

7.     Morgan became employed by Defendant in 2012 as a Regional Engineer.

8.     She is a hispanic female.

9.     She performed her job to respondent's expectations and received promotions over

the years.

10. In February of 2023 Morgan received a promotion to the position of Director of Technical Operations.

11. Shortly after she received this promotion another employee accused her of having a conflict of interest.

12. Specifically she was alleged to have a conflict of interest in having a personal relationship with a subordinate, Colin Dorsey.

13. Morgan was also alleged to have a conflict of interest in renting a room to Dorsey.

14. Morgan was not having a personal relationship with Dorsey and her conduct in renting a room to him did not violate the respondent's conflict of interest rules.

15. After an investigation was conducted by management Morgan's employment was terminated by the Defendant on April 19, 2023 on the basis of the allegation of an improper relationship with Dorsey and her rental of a room to him.

16. Upon information and belief, other employees of respondent, specifically white males, had the same type of a conflict of interest Morgan was accused of having – a personal relationship with a subordinate.

17. The company knew of those situations, and yet failed to take any disciplinary action against those individuals.

18. Matthew Gordon is the Vice President who was above Morgan in the corporate chain.

19. When he was an Operations Manager in the Pennsylvania region he conducted an illicit workplace affair with Katelyn Novak who was Morgan's predecessor in the supervisor position.

20. Novak directly reported to Gordon and having an affair would have been a violation of company policy.

21. Gordon was not disciplined over the affair.

22. Additionally, Richard Bishop, the person Morgan reported to in her role as supervisor conducted a long-term sexual affair with Janette Sweeney (who worked as a regional engineer directly underneath Mr. Bishop) with no negative repercussions.

23. Finally, Tamson Phillips engaged in sexual affairs with both Gordon and Mark Martin (a line supervisor at the same level as Ms. Morgan and to whom Ms. Phillips directly reported) and neither Gordon nor Martin were disciplined.

24. Gordon, Bishop and Martin are male Caucasian members of management at Morgan's level or above and knew of the company's policy regarding relationships with lower level employees in the reporting chain.

25. Yet each engaged in inappropriate behavior in violation of Defendant's policies and none were fired.

26. The person placed in Morgan's position after her termination was a white male.

27. The reason given for plaintiff's termination was pretextual.

### COUNT I

### 42 U.S.C. § 1981 VIOLATION – TERMINATION OF EMPLOYMENT CONTRACT ON THE BASIS OF RACE

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27 as though set forth fully herein.

29. Defendant's termination of plaintiff's employment was motivated by plaintiff's race in violation of 42 U.S.C. § 1981.

30. Defendant's act of terminating plaintiff's employment on account of her race was

4

intentional.

31. As a direct result of Defendant's intentional and unlawful actions in violation of 42 U.S.C. § 1981, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

32. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under 42 U.S.C. § 1981, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT II

## TITLE VII VIOLATION – TERMINATION OF EMPLOYMENT ON THE BASIS OF RACE

33. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 as though set forth fully herein.

34. Defendant's termination of plaintiff's employment was motivated by plaintiff's race in violation of Title VII.

35. Defendant's act of terminating plaintiff on account of her race was intentional.

36. As a direct result of Defendant's intentional and unlawful actions in violation of

Title VII, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

37. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under Title VII, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT III

## VIOLATION OF PHRA – TERMINATION OF EMPLOYMENT ON THE BASIS OF RACE

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 as though set forth fully herein.

39. Defendant's termination of plaintiff's employment was motivated by plaintiff's race in violation of the PHRA.

40. Defendant's termination of plaintiff's employment on the basis of her race was intentional.

41. As a direct result of Defendant's intentional and unlawful actions in violation of the PHRA, plaintiff has suffered economic damages, emotional pain and distress, and has

sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Order her reinstatement, or in the alternative, award front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

## COUNT IV

## TITLE VII VIOLATION – TERMINATION OF EMPLOYMENT ON THE BASIS OF GENDER

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 as though set forth fully herein.

43. Defendant's termination of plaintiff's employment was motivated by plaintiff's gender in violation of Title VII.

44. Defendant's act of terminating plaintiff on account of her gender was intentional.

45. As a direct result of Defendant's intentional and unlawful actions in violation of Title VII, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

46. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under Title VII, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

 (a) Awarding lost wages, including lost fringe benefits;

 (b) Awarding compensatory damages;

 (c) Awarding punitive damages;

 (d) Order her reinstatement, or in the alternative, award front pay;

 (e) Awarding the costs of this action, together with reasonable attorney's fees; and

 (f) granting such other relief as the Court deems necessary and appropriate.

## COUNT V

## VIOLATION OF PHRA – TERMINATION OF EMPLOYMENT ON THE BASIS OF GENDER

 47. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 46 as though set forth fully herein.

 48. Defendant's termination of plaintiff's employment was motivated by plaintiff's gender in violation of the PHRA.

 49. Defendant's termination of plaintiff's employment on the basis of her gender was intentional.

 50. As a direct result of Defendant's intentional and unlawful actions in violation of the PHRA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

 WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

 (a) Awarding lost wages, including lost fringe benefits;

 (b) Awarding compensatory damages;

 (c) Order her reinstatement, or in the alternative, award front pay;

 (d) Awarding the costs of this action, together with reasonable attorney's fees; and

  (e)  granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 9th day of May, 2025.

              Respectfully submitted,

               _s/Ralph E. Lamar_____
              RALPH E. LAMAR
              4728 Hamilton Blvd.
              Allentown, PA 18103
              (610) 563-0726
              ralphlamar@ymail.com

              ATTORNEY FOR PLAINTIFF